IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**FRANK JOHNSON, JR.**,<br><br>  Defendant. | **Case No.:** 7:14-CR-34 (HL) |

## ORDER

Before the Court is Defendant Frank Johnson, Jr.'s Motion for Permission to Amend Jail Credit (Doc. 67). For the following reasons, the motion is denied.

On September 11, 2014, the Grand Jury indicted Defendant in a three count indictment with (1) Conspiracy to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2; (2) Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and (3) Possession with Intent to Distribute Marijuana in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The United States Marshall Service executed an arrest warrant upon Defendant on October 7, 2014.

Defendant entered a change of plea on January 15, 2015, pleading guilty to Count Two of the Indictment. This Court then sentenced Defendant on March 25, 2015 to serve 21 months imprisonment to run consecutively to the sentence imposed by the Superior Court of Houston County, Case No. 2007C38035.

Defendant now asks the Court to modify his sentence to grant him credit for the period of time he remained in the custody of the United States Marshall Service from the date of his arrest on October 7, 2014 until the imposition of his sentence on March 25, 2015.

Granting credit for time served "is, in the first instance, an administrative, not a judicial function." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Only the Bureau of Prisons as the designated agent of the Attorney General has the authority to determine the amount of credit a federal prisoner should receive. United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucus, 898 F.2d 1554, 1556 (11th Cir. 1990). Where a federal inmate disagrees with the Bureau of Prison's computation of time served, the inmate may challenge the Bureau of Prison's determination by filing a habeas petition pursuant to 28 U.S.C. § 2241. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.") (citation omitted). Accordingly, Defendant's motion is denied without prejudice to the filing of an appropriate petition pursuant § 2241, provided Defendant has exhausted his administrative remedies.

**SO ORDERED**, this 9th day of September, 2016.

         *s/ Hugh Lawson*
         **HUGH LAWSON, SENIOR JUDGE**

aks